IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:07-CT-3169-H

| | |
|---|---|
| LACY LEE WILLIAMS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | **ORDER** |
| ) | |
| WAKE COUNTY JAIL, ) | |
| ) | |
| Defendant. ) | |

Lacy Lee Williams, a former inmate at Wake County Jail, brings this action pursuant to 42 U.S.C. § 1983 alleging violations of his constitutional rights. This matter is before the court for a frivolity review under 28 U.S.C. § 1915 (e) (2). A claim having no arguable basis in law or in fact may be dismissed as frivolous. Neitzke v. Williams, 490 U.S. 319 (1989).

Plaintiff brings this action against Wake County Jail. He claims the jail has no ventilation, or if it does it is not used. He claims it is always dusty in the jail and that this causes health problems. Plaintiff further alleges that the jail's bathrooms are dirty and that the entire facility is unsanitary. He alleges there are large water bugs in the utility closets. Plaintiff claims that the inmates on lockup are only allowed one jumpsuit, boxers, t-shirt, and socks once a week. Plaintiff states that inmates are not given proper cleaning utensils of supplies to clean their toilets, causing a build-up of fungus and bacteria. He claims the water taste "rusty" and "heavy" indicating filter changing or lead. Plaintiff states that the food is not cooked because it is cold and not done. He claims the food portions are small and do not provide a proper diet.

The Eighth Amendment protects inmates from cruel and unusual living conditions. However, to state an actionable claim, an inmate must show that the conditions complained of rise

to the level of a deprivation of a basic human need such as food, warmth, or exercise. Williams v. Griffin, 952 F.2d 820, 824 (4th Cir. 1991). Moreover, prison officials cannot be held liable unless they knew of and disregarded an excessive risk to inmates' health or safety. See Farmer v. Brennan, 511 U.S. 825, 834 (1994). In response to Plaintiff's grievances, jail officials state that inmates are given supplies to clean their cells, and that the food is prepared in keeping with dietary regulations. In this case, plaintiff has not alleged that the complained of conditions deprive him of any basic human need. Small food portions or food not cooked to Plaintiff's specifications does not amount to a constitutional deprivation where Plaintiff has not shown that the deprivation is serious or that defendant is deliberately indifferent as indicated by the grievance response. See Wilson v. Seiter, 501 U.S. 294, 302-03 (1991). Plaintiff has not alleged that any prison official knew of and disregarded a risk to his safety. Plaintiff has provided no factual support for his claims. Rather, he merely list claims that, taken together do not amount to a constitutional violation. Accordingly, plaintiff's prison conditions claim is DISMISSED as frivolous.

The only Defendant named by Plaintiff is the Wake County Jail. However, the jail is not a person within the meaning of 42 U.S.C. § 1983. See Brooks v. Pembrooke City Jail, 772 F.Supp. 1294, 1301 (E.D.N.C. 1989). Therefore, Plaintiff's claim against the jail is DISMISSED as frivolous.

Plaintiff indicates that he is bringing this action on behalf of a number of other inmates. However, even if he had a viable claim, a pro se prisoner, unassisted by counsel, cannot be an advocate for other inmates. See Inmates v. Owens, 561 F.2d 560, 562-63 (4th Cir. 1977). Therefore, Plaintiff's request to represent other inmates is DENIED,

In conclusion, Plaintiff's claim against the Wake County Jail as well as his claim concerning

2

the conditions of confinement at the jail are DISMISSED as frivolous. Plaintiff's requests to represent other inmates is DENIED.

SO ORDERED this 29th day of February 2008.

MALCOLM J. HOWARD
Senior United States District Judge

nem